No. 2799.—WILLIAM TERRILL v. HARRY T. HAYS et al.

Liquor or spirits that has been conditionally sold and its quality or character has been changed by the vendee from rum to that of neutral spirits, is liable in its changed condition to be seized by the creditors of the vendee, although it has not been paid.ior or actually delivered—the changing the liquor from one thing to another by the vendee being considered such a delivery as would protect the creditors who were without notice of the claim of the vendor.

APPEAL from the Fourth District Court, parish of Orleans.  *Théard*, J.  G. *Campbell* and J. M. *Cooney*, for plaintiff and appellee.  J. *H. New* and *Hyams & Jonas*, for defendants and appellants.

HOWELL, J.  Plaintiff enjoined the sale of " two hundred and sixty - six gallons of rum, converted into neutral spirits," seized in the suit of Block v. Wallenberg, on the ground that he was the owner thereof. Hays, the sheriff, filed a general denial and called Block and his surety on an indemnity bond in warranty.  From a judgment against Hays for the value of the property he has appealed.

The facts are, that about the fourteenth March, 1867, plaintiff agreed to sell to Wallenberg seven barrels of rum on the condition that they were to be paid for before they were used, and were delivered under this condition at the rectifying establishment of said Wallenberg. Some days afterwards Wallenberg caused the barrels to be emptied into his rectifier and the contents converted into neutral spirits. During the time plaintiff made several demands for payment, Wallenberg telling him on one occasion after the conversion that on the arrival of a certain schooner he would pay for the property.  Prior to this event the establishment of .Wallenberg and its contents were seized in the suit of Block—the liquor, as neutral spirits, still being in the cistern.  The plaintiff, as a witness, says " the whole of the liquor I sold to Wallenberg was put into his rectifier."

Although he repeatedly asserted that he was the owner of the liquor at the time of the seizure, we think it is shown that as to third persons without knowledge there was such a delivery to Wallenberg as to subject it (a movable) to seizure for the debts of Wallenberg, and particularly so, as it had been so materially altered as to its nature and packages or condition. The article sold by plaintiff was not the article seized. It had undergone a change and been enhanced in value. The bad faith of Wallenberg, the conditional vendee, will not shield the property from his creditor, who was ignorant of the facts when the seizure was made.

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of defendant H. T. Hays, with costs in both courts.